MAX REIDLER, PROSECUTOR, v. BOROUGH OF ROCKAWAY AND THOMAS J. HANNON, RECORDER, DEFENDANTS.

Decided May 11, 1925.

**Municipalities — Ordinances — Conducting Refreshment Stand Without License—Question of Ownership, Also of Time When Prosecutor Made Alleged Sales—Counsel for Borough Had Expressly Withdrawn Certain Dates Upon Which Sales Were Made, as Was His Right—Conviction Set Aside, Without Costs.**

On *certiorari*.

Before Justice PARKER, sitting alone, pursuant to the statute.

For the prosecutor, *Bolitho & O'Connor.*

For the defendants, *King & Vogt.*

Memorandum by

PARKER, J. This is a *certiorari* to a conviction of prosecutor of conducting a roadside refreshment stand without license, contrary to a local ordinance. There was a trial by jury before the recorder, and a verdict of guilty.

The case is submitted on briefs. The first and second points challenge the action of the trial court in refusing to

direct an acquittal and in submitting the case to the jury because, as claimed, there was no evidence that prosecutor, on the date in question (June 29th, 1924), was the "owner" of the stand and business in the sense contemplated by the ordinance, he having executed a bill of sale of the same to his brother-in-law Greenberg. Apart from legitimate questions as to the *bona fides* of this transaction, which were raised and which would be for the jury, it is enough at this time to say that the question was not whether Reidler was owner, but whether he was selling there without the owner (whoever he may have been) having procured a license. This is the language of the ordinance, plainly aimed at an employe as well as an owner..

But there seems to have been clear error in permitting the jury to convict if they found prosecutor had sold on the 8th of June or 15th of June, as those dates were expressly withdrawn from the case by counsel for the borough. This was the undoubted right of counsel, and the court should have respected it.

For this reason the conviction must be set aside, but without costs.